JACOB CONRAD v. CONRAD et al., Administrators of G. CONRAD.

*Assumpsit for work and services.*

Where an illegitimate son works for his father, on an express promise, that he should be put on a footing with the legitimate children, he may recover the value of his services, to that extent, from the administrators.

*Assumpsit,* upon a special agreement of intestate, that if plaintiff would live with him, and work his plantation (consisting of 260 acres), until plaintiff was of age, 'intestate would give him. 100 acres of it; he did so remain, but was maintained, &c., by intestate: intestate had three legitimate children (two sons and a daughter), and three illegitimate (plaintiff and two daughters); he had once intimated an intention of putting plaintiff on a footing with his own children. *Held,* that, considering the circumstances of the case, it would be excessive, to give the full value of the land in damages; that the jury might depart from that ·standard, and that the intimation of intestate, that he would give plaintiff a child's share of his estate, might be construed as explanatory of his former promise.

THIS was an action on the case, brought by Jacob Conrad, the natural son of George Conrad, against the administrators of his father, in which a declaration was filed, containing two counts : 1st. Upon a special agreement that if the plaintiff would live with the intestate, and work his plantation for six years, the intestate would give and convey to him 100 acres of the land. 2d. Upon a *quantum meruit,* for work and service. Pleas, *non assumpsit,* and the statute of limitations.

Upon the trial of the cause, it was proved, that Jacob Conrad having expressed an intention to leave his father's, and learn a trade, the father said to him, with some solicitude, " stay and work the plantation, until you are of age, and I will give you a hundred acres of it." It also appeared, that Jacob did remain with his father, and worked the plantation ably and diligently ; that the father had three legitimate children, two sons and a daughter, and three illegitimate children, Jacob and two daughters ; that the two legitimate sons worked with Jacob on the plantation ; that the father once intimated an intention of putting Jacob on footing with his other children; that the plantation consisted of about 260 acres, and was appraised at 750*l.*; and that Jacob Conrad was well maintained, clothed and schooled, while he remained with his father.

*For the defendants,* it was urged, that the action was a novelty ; [*131 that on general principles, the service of a minor child (whether legitimate or not) was due to the parent, in consideration of his maintenance and education ; and that the supposed special contract was unreasonable, and, consequently, void. (1 Black. Com. 449, 453, 450 ; Yelv. 17 ; 2 Str. 728 ; Doct. and Stud. 211, 212.) If, therefore, the plaintiff is entitled to recover anything, it must be on the count for a *quantum meruit,* when, considering him as a servant, the expense incurred for his clothing and education must be set off against a claim for wages.

For the *plaintiff,* it was answered, that the contract was expressly proved, upon a good and valuable consideration, performed by the plaintiff ; and that considering the rights of a bastard in relation to the father's estate, to be only such as he could himself acquire, the court would be anxious to support so meritorious a claim. (1 Black. Com. 459.)

BY THE COURT.—This is an action to recover damages, for the non-conveyance of 100 acres of land, agreeable to an express promise of the intestate ; with respect to which, the evidence certainly supports the declara-

tion. Considering, however, the relation of the parties, the other parental obligations of the intestate, and the extent of the property, it would seem rather excessive to give the full value of the land in damages, for a breach of the promise. Is there, then, anything in the evidence, that will warrant the jury in departing from that strict standard of the damages? We think, there is. The father's intimation, that he would place Jacob on a footing with his other children, may be fairly construed as a promise (explanatory of what he had before said), that he would give him a child's share of the estate. If the jury adopt the construction, however, the other illegitimate children must be put out of the calculation. On this principle, one-fifth would entitle him to a verdict for 150*l.* As to interest, it will depend upon the discretion of the jury: but if the eldest son took the estate, at the valuation, he must have paid interest to the younger children; and consequently, on the ground of equality, it would be right to allow it to the plaintiff.

Verdict for the plaintiff, 145<i>l.</i> damages. (a)

*C. Hall, C. Smith* and *Hartley,* for the plaintiff.
*J. Smith, Duncan* and *Tilghman,* for the defendant.

---

(a) This cause was tried at York Town *nisi prius,* before SHIPPEN and BRADFORD, Justices, in May 1793.