# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-10577
Summary Calendar

JEFF LEGGETT

Plaintiff-Appellant

v.

LESLIE D COMER, Craft Shop Supervisor/Correction Officer; TODD S WALTERS, Sergeant; FNU MADDEN, Craft Shop Supervisor/Correction Officer

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-238

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, as he did in district court, Jeff Leggett, Texas inmate # 590716, appeals, on numerous bases, the dismissal, as frivolous, of his civil-rights complaint against Texas Department of Criminal Justice officials, pursuant to 28 U.S.C. § 1915A. The district court may dismiss a prisoner's complaint against an officer or employee of a governmental entity if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted". 28 U.S.C. § 1915A(b)(1). Such a dismissal is reviewed for abuse of discretion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

E.g., Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). A complaint is frivolous "'if it lacks an arguable basis in law or fact'". Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (quoting Talib v. Gilley, 138 F. 3d 211, 213 (5th Cir. 1998)).

This action concerns claims about Leggett's personal property, concerning his being transferred from one prison unit to another. He agreed to proceed before a magistrate judge.

Leggett contends the magistrate judge abused his discretion when he applied the Parratt/Hudson doctrine to his procedural-due-process claim, because Defendants' acts were not random and unauthorized. See Hudson v. Palmer, 468 U.S. 517, 534 (1984); Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Leggett, however, points to no state law or prison directive requiring Defendants to deprive him of his craft tools, materials, or finished products. Leggett's claim rests instead on these assertions: Defendants intentionally failed to comport with prison policy to inventory and secure his property; and their failure was conspiratorial and retaliatory. The Parratt/Hudson doctrine explicitly applies to the unauthorized, intentional deprivation of property by a state employee, and the magistrate judge did not err when he applied the doctrine to Leggett's claim. See Zinermon v. Burch, 494 U.S. 113, 115 (1990).

Leggett's contention that the Parratt/Hudson doctrine did not apply because Texas does not provide an adequate post-deprivation remedy is without merit. See Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994) (holding Texas tort of conversion provides adequate remedy). That Leggett was unsuccessful in filing his state-law action does not render Texas' post-deprivation remedies inadequate. See Holloway v. Walker, 784 F.2d 1287, 1293 (5th Cir. 1986). Thus, the magistrate judge did not abuse his discretion when he determined Leggett's procedural-due-process claim was frivolous. Leggett's substantive due process claim need not be reviewed because he did not raise it in district court. See

Stewart Glass & Mirror, Inc. v. United States Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Leggett contends the magistrate judge abused his discretion when he denied his motions for injunctive relief. This court lacks jurisdiction over the denial of Leggett's motion for a temporary restraining order. See Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir. 1999). The magistrate judge did not abuse his discretion when he denied Leggett's motion for a preliminary injunction, given Texas' post-deprivation remedies. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 419 n.15 (5th Cir. 2001).

Leggett correctly asserts the magistrate judge abused his discretion by dismissing his complaint against Madden on the basis that Leggett failed to allege Madden was personally involved with a constitutional violation. Leggett asserted in his complaint: Madden failed to secure and inventory Leggett's property before transferring it to the Robertson Unit. The dismissal of Leggett's procedural-due-process claim against Madden may nonetheless be affirmed because that claim was frivolous as to all Defendants. See Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).

Leggett maintains the magistrate judge abused his discretion when he dismissed his claim that Defendants conspired to retaliate against him. This contention fails because Leggett does not allege facts tending to show Defendants had an agreement to deprive Leggett of his property. See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).

Leggett contends the magistrate judge abused his discretion when he dismissed his claim that Defendants deprived him of his property in retaliation for his letter-writing campaign. A prison official may not retaliate against, or harass, an inmate for exercising his First Amendment right to complain through proper channels about a guard's misconduct. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate

against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Morris v. Powell, 449 F.3d 682, 684 (5th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 596 (2006). "[A]n inmate must allege more than de minimis retaliation to proceed with [a retaliation] claim". Id. at 684–85.

Obviously, Leggett's purported loss of $11,000 worth of personal property is not de minimis. See id. Moreover, as noted, a prisoner has a constitutional right to complain about prison guards. Woods, 60 F.3d at 1164. However, to prevent prisoners from shielding themselves from disciplinary action under the guise of claims of retaliation, a prisoner has to show: but for retaliatory animus, the adverse act would not have occurred. Id. at 1166. Mere conclusory allegations will not suffice. Id. Specifically, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred". Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (internal quotation marks and citation omitted).

With respect to Madden, Leggett fails to show: his property would not have been missing but for his letter-writing about Robertson Unit officials, and retaliatory intent motivated the lack of adequate inventories and storage of his property. Madden was responsible for inventorying and securing Leggett's craft materials before Leggett was transferred to the Robertson Unit and began complaining about the Robertson Unit officials.

Leggett's claims about the Robertson Unit officials, however, allege a chronology of events from which retaliation may be plausibly inferred. See Jones, 188 F.3d at 324-25. Thus, Leggett's retaliation claim against the remaining Defendants is not frivolous. Accordingly, the dismissal of Leggett's retaliation claim against all but Madden is vacated and the case remanded for further proceedings on this issue.

Leggett maintains the magistrate judge erred when he dismissed, as frivolous, his equal-protection claim. To state a claim for an equal-protection violation, Leggett must allege, inter alia: different treatment of similarly-situated individuals; and purposeful or intentional discrimination. See Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992). Leggett's assertion that Defendants had been depriving Robertson Unit prisoners for years belies his assertion that he alone was singled out for discriminatory reasons. See id.

Leggett maintains the magistrate judge abused his discretion by granting Defendants "Eleventh Amendment immunity" when Defendants did not offer that defense. To the extent Leggett sued Defendants in their official capacities, his contention is unavailing. See Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

Leggett claims the magistrate judge erred when he dismissed his action without giving him: notice, or an opportunity to amend or conduct discovery. Leggett's contention with respect to his retaliation claim is moot because the dismissal of that claim is vacated. Leggett pleaded his best case with respect to his remaining claims and amendment was not necessary. See Eason v. Holt, 73 F.3d 600, 602-03 (5th Cir. 1996); Jacquez v. Procunier, 801 F.2d 789, 792-93 (5th Cir. 1986); 28 U.S.C. § 1915A.

AFFIRMED IN PART; VACATED IN PART; and REMANDED.