United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40255
Conference Calendar

_____

RUBEN ESPINOZA,

                              Plaintiff-Appellant,

versus

EDMUND BENOIT, Major; LYNN SMITH, Warden; MICHAEL MOORE,
Disciplinary Captain; CONNIE HUNTER, Grievance Investigator;
BRENDA TRAHAN, Substitute Counsel; PEDRO SOTO, Unit
Classification Officer; KELLI WARD, Step II Grievance
Coordinator,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-61
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Ruben Espinoza, Texas prisoner # 866201, appeals the

district court's dismissal of his civil rights action as

frivolous and for failure to state a claim.  See 28 U.S.C.

§ 1915(e)(2)(B).  Espinoza sued the defendants pursuant to 42

U.S.C. §§ 1983, 1985(3), and 1986.  He asserted constitutional

violations arising from his conviction in a disciplinary

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding for threatening an officer. The charge subsequently was expunged, and Espinoza's good-time credits were restored.

On appeal, Espinoza argues that the appellees conspired and discriminated against him because he is Hispanic and that he was placed in close custody confinement in retaliation for exercising his right of access to the courts. These assertions are conclusional and will not support a constitutional claim. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Espinoza has not stated a constitutional claim with respect to his confinement in close custody because such confinement does not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Espinoza does not have a protected liberty or property interest in his custodial classification. See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

Espinoza argues that his due process rights were violated because the charge against him was not adequately investigated and that he was punished despite the absence of evidence to support the charge. Because Espinoza's good-time credits have been restored, he has not identified the loss of a protected liberty interest. Therefore, he cannot state a due process claim. See Sandin, 515 U.S. at 484; Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Even if Espinoza had a protected liberty interest, his due process claim would be frivolous

because there was some evidence in the record to support the disciplinary hearing officer's finding of guilt. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985).

Espinoza's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of the complaint and the dismissal of this appeal as frivolous both count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Espinoza is cautioned that if he accumulates three "strikes," he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.