**INSTITUTIONAL DIVISION OF the TEXAS DEPARTMENT OF CRIMINAL JUSTICE and Miguel Martinez, Petitioners**

v.

**Arthur POWELL, Respondent.**

No. 08–0345.

Supreme Court of Texas.

July 2, 2010.

Rehearing Denied Oct. 1, 2010.

Greg W. Abbott, Attorney General of Texas, Kent C. Sullivan, David S. Morales, Office of the Attorney General of Texas, James C. Ho, Solicitor General of Texas, Kristofer S. Monson, Assistant Solicitor General, Demetri Anastasiadis, Office of the Attorney General of Texas, Clarence Andrew Weber, First Assistant Attorney General, Austin, TX, for Petitioners.

Arthur Powell, Bridgeport, TX, pro se.

David Jefrie Mizgala, Munsch Hardt Kopf & Harr, P.C., Dallas, TX, Lawrence Matthew Doss, Mullin Hoard & Brown, L.L.P., Lubbock, TX, for Respondent.

PER CURIAM.

Arthur Powell sued the Institutional Division of the Texas Department of Criminal Justice (the Department) and one of its officers, complaining that they deprived him of certain constitutional rights. The trial court dismissed Powell's claims, and a

divided court of appeals reversed. 251 S.W.3d 783, 792. Because Powell has failed to state a claim, we reverse the court of appeals' judgment and render judgment dismissing the case.

This case arises out of a disciplinary proceeding brought against Powell, an inmate at the Department's McConnell Unit in Beeville, Texas. Officer Miguel L. Martinez, a guard at the prison, instructed Powell to walk along the right side of a yellow line in an orderly manner. Powell alleges that he did so, but thirty minutes later, he was approached in his cell and handcuffed by another officer for failing to follow the instruction. Powell was charged with "creating a disturbance"—an institutional disciplinary infraction—allegedly in retaliation for complaints his family had made about his mistreatment at the facility.

The Department held a disciplinary proceeding and determined that the disturbance charge was supported by evidence. Following the hearing, Powell filed step one and step two grievances pursuant to Department rules for appealing these decisions. He argued that the hearing officer's refusal to allow him to call certain witnesses (including Officer Hagar, the officer who Powell alleged handcuffed him) denied him due process. The Department determined that the hearing officer's denial was proper, as Hagar had not been present at the time of the incident. The Department also concluded that the hearing officer's findings were supported by a preponderance of the evidence.

Powell then sued the Department, Officer Martinez, and Officer Gilbert Herrera. As to the Department, Powell argued that the administrative decision was not based on sufficient evidence and that his due process rights were violated by the hearing officer's refusal to allow him to call Hagar as a witness. As to Martinez, Powell argued that the infraction was brought against him in retaliation for his family's complaints about his alleged mistreatment at the facility. He did not allege any facts against Herrera (who was later dismissed from the suit).

The Department, Martinez, and Herrera denied the allegations and sought attorney's fees and costs. The two officers specially excepted to Powell's pleadings, and the Department filed a plea to the jurisdiction. After a hearing, the trial court rejected Powell's claims, granted the officers' special exceptions and the Department's plea to the jurisdiction, and dismissed the suit. Powell made three arguments on appeal: (1) because his claim against the Department was for declaratory relief, it did not implicate sovereign immunity; (2) the Department waived sovereign immunity by seeking affirmative relief in the form of attorney's fees and costs; and (3) the trial court erred in sustaining Martinez's special exceptions. 251 S.W.3d at 787. A divided court of appeals agreed and reversed the trial court's judgment. *Id.* at 792.

As for his claims against the Department, Powell has abandoned his sufficiency of the evidence complaint here, and asserts instead that he seeks only a declaration of his constitutional rights. But Powell has also dropped his constitutional complaint that his inability to present testimony from certain witnesses violated his right to due process. Although he argued in the court of appeals that his witness exclusion claim was not subject to immunity, he no longer makes such a claim.[1] Instead, he now

---

1. The court of appeals held that Powell had not challenged the trial court's granting of Martinez's special exceptions relating to Pow-

ell's allegation that he was not allowed to present Hagar as a witness and "affirm[ed] the trial court's dismissal of Powell's claim

asserts that his constitutional claim against the Department is based on retaliation for his family members' complaints about Powell's alleged mistreatment.

In the trial court, however, the only constitutional claim he made against the Department related to his inability to present witnesses on his behalf, and the only relief sought was that the decision be vacated and remanded. The trial court gave Powell the opportunity to replead, but he chose not to do so. Nor would repleading remedy the problem. Although plaintiffs should be given an opportunity to replead "[i]f the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect," *Westbrook v. Penley*, 231 S.W.3d 389, 395 (Tex. 2007), even if Powell repleaded his constitutional claim as a retaliation claim under 42 U.S.C. § 1983, that claim would fail for the reasons explained below. Because Powell has abandoned his sufficiency of the evidence and witness exclusion arguments on appeal, because his petition stated no other constitutional claims against the Department, and because Powell cannot recast his claim as a retaliation claim, the trial court correctly granted the Department's plea to the jurisdiction.

As to Officer Martinez, Powell alleged that Martinez retaliated against Powell based on his family members' complaints about Powell's treatment by prison officials. Powell sought a declaration and damages from Martinez under 42 U.S.C. § 1983. Even assuming that Powell may assert a § 1983 claim based on deprivation of his family members' constitutional rights—a point the Department contests— we hold that Powell has failed to state a valid claim against Martinez.

Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct, and a violation of this right is actionable under 42 U.S.C. § 1983. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995). "'To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.'" *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir.2006) (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998)), *cert. denied*, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

Under the third prong of this test, acts of retaliation that are *de minimis* do not satisfy the "retaliatory adverse act" requirement. *Id.* at 684–85. "To establish a constitutional violation, an inmate must show that he suffered a qualifying adverse retaliatory act," and "[i]f the retaliation alleged ... does not pass this bar, he has suffered no constitutional injury." *Id.* at 684.

In making this determination, the Fifth Circuit has adopted the standard first set forth in *Crawford–El v. Britton*, 93 F.3d 813, 826 (D.C.Cir.1996): an inmate's retaliation claim must allege adverse acts "that 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *See Morris*, 449 F.3d at 685–86 (quoting *Britton*, 93 F.3d at 826); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir.1999) (adopting the same standard). Thus, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was

against Martinez relating to the failure to allow testimony at the hearing." 251 S.W.3d

783, 789 n. 2.

not. *Morris*, 449 F.3d at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271–72 (5th Cir.2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*); *Leggett v. Comer*, 280 Fed.Appx. 333, 336 (5th Cir.2008) (purported confiscation of more than $11,000 of inmate's personal property was not *de minimis*).

We agree that this is the appropriate standard for judging whether an inmate's retaliation claim is *de minimis*. Here, Powell has not shown that Martinez's actions "would chill or silence a person of ordinary firmness from future First Amendment activities." *Morris*, 449 F.3d at 685 (quotations omitted). While Powell was charged with a disciplinary infraction, the record contains no allegation or evidence of *any* punishment threatened or imposed for the alleged infraction, and evidence of such sanctions would necessarily present a different question than the one we face here. Instead, Powell asserts only that disciplinary proceedings were instituted. *Cf. Starr v. Dube*, 334 Fed.Appx. 341, 342–43 (1st Cir.2009) (per curiam) (holding that the mere institution of disciplinary proceedings, which were later dismissed, would not deter an inmate of ordinary firmness from continuing to exercise his constitutional rights); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir.2009) (concluding that "[a] single [allegedly unjustified] retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action"). *But see Zarska v. Higgins*, 171 Fed.Appx. 255, 259–60 (10th Cir.2006) (filing retaliatory disciplinary proceedings " 'would chill a person of

ordinary firmness' " from future exercise of his or her rights (quoting *Poole v. County of Otero*, 271 F.3d 955, 960 (10th Cir. 2001))); *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir.2002) (a reasonable jury could find that filing a retaliatory charge exposing an inmate to a "risk of significant sanctions" could deter persons of "ordinary firmness" from exercising their rights), *cert. denied*, 540 U.S. 823, 124 S.Ct. 154, 157 L.Ed.2d 44 (2003). Without more, we are unable to conclude that Powell has alleged an adverse act that was more than *de minimis*. Accordingly, his § 1983 claim fails.

Without hearing oral argument, we reverse the court of appeals' judgment and render judgment dismissing Powell's claims.[2] Tex.R.App. P. 59.1, 60.2(c).

Justice LEHRMANN did not participate in the decision.

---

**2.** In light of our disposition, we do not reach the Department's claim that the court of appeals erred in holding that the Department's defensive request for attorney's fees waived immunity under our holding in *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 384 (Tex.2006). We note, however, that we recently held that such a request does not waive immunity. *See Tex. Dep't of Criminal Justice v. McBride*, 317 S.W.3d 731, 733 (Tex. 2010).