NO. 07-10-00155-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
15, 2010

 



 

VAN LEE BREWER, APPELLANT

 

v.

 

JASON SIMENTAL, ET AL, APPELLEES 



 



 

 FROM THE 278TH DISTRICT COURT OF WALKER
COUNTY;

 

NO. 23,325; HONORABLE KENNETH H. KEELING, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Van Lee Brewer (Brewer),
appeals the granting of a summary judgment in favor of Jason Simental, Gordon Townsend, David Duke, Janet C. Taylor,
Lindsey Lewis, Robert Losack, John D. Seigle, and Carl Davis (collectively, “defendants”), and
the denial of a no-evidence summary judgment filed by Brewer against the
defendants.[1]  We affirm.

Factual and Procedural Background

Brewer, an inmate within the Texas
Department of Criminal Justice - Institutional Division assigned, during all
applicable times, to the Wynne Unit in Huntsville, Texas, filed an action
pursuant to 42 U.S.C. § 1983,[2]
alleging a violation of his civil rights. 
Specifically, Brewer alleges that he had been the target of retaliatory
action by the defendants due to his attempting to exercise his rights of access
to the courts.  Brewer’s lawsuit was
filed in forma pauperis.  The defendants filed a motion to dismiss the
lawsuit pursuant to Chapter 14 of the Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Code Ann. ch. 14 (Vernon 2002). [3]  Ultimately, the trial court dismissed
Brewer’s cause of action because it found Brewer failed to comply with section
14.005 and Government Code section 501.008. 
See Tex. Gov’t Code Ann. § 501.008 (Vernon 2004).  Further, the trial court found the action to
be frivolous and malicious. See § 14.003(a)(2).


On appeal, the Waco Court of Appeals
reversed the trial court’s decision and found that Brewer had, in fact, met the
administrative requirements of both Chapter 14 and section 501.008 of the
Government Code.  Further, the appellate
court found that Brewer asserts two distinct claims by his action: 1) retaliation
for his exercise of his constitutional right of access to the courts, and 2)
conspiracy to retaliate for attempting to exercise his constitutional right of access
to the courts.  See Brewer v. Simental, 268 S.W.3d 763, 770-71 (Tex.App.—Waco
2008, no pet.).  After analyzing the
conspiracy to retaliate claim, the Waco Court found that the trial court was
correct in dismissing that claim.  See
id. at 774.  However, as to the
claim that Brewer had been retaliated against because he attempted to exercise
his constitutional right of access to the courts, the Waco Court concluded that
Brewer had alleged enough facts from which retaliation might plausibly be
inferred.  See id. at
773.  The Waco Court remanded the case to
the trial court for further consideration in light of its opinion.

Subsequent to the remand, the
defendants filed a traditional motion for summary judgment.  See Tex.
R. Civ. P. 166a(c).[4]  They alleged three grounds to support the
granting of a summary judgment.  First,
the defendants alleged that Brewer was not deprived of a constitutional right
and could not show a retaliatory adverse act. 
Therefore, posited the defendants, Brewer’s 1983 action was not
cognizable by the court.  Second, the
defendants alleged that they had not violated any of Brewer’s constitutional
rights and, therefore, the defendants were entitled to qualified immunity.  Finally, the defendants alleged that Brewer
had been afforded minimal due process procedures at his disciplinary
hearing.  Thus, his due process rights
were not violated in a manner contrary to 1983. 
Brewer responded to the motion for summary judgment,[5]
and filed a cross-motion for summary judgment that appears to be a traditional
motion for summary judgment.[6]  Before submitting his traditional motion for
summary judgment, Brewer filed a no-evidence motion for summary judgment,
pursuant to rule 166(a)(i), contending that there was
no evidence to support one or more of the essential elements of the defendants’
affirmative defenses of sovereign immunity, official immunity, statute of
limitations, assumption of risk, estoppels, illegality, or contributory and
comparative negligence.  Of importance
for this opinion is Brewer’s declaration in his no-evidence motion for summary
judgment that the defendants’ affirmative defense of qualified immunity would
be addressed within his traditional motion for summary judgment.  Thus, the qualified immunity affirmative defense
was not a part of the no-evidence motion for summary judgment.  

The trial court granted a final
summary judgment stating that Brewer had not raised a material question of fact
that his constitutional rights were violated by any of the defendants.  Accordingly, the trial court found the
defendants were entitled to qualified immunity. 
The trial court, therefore, dismissed all of Brewer’s claims with
prejudice.  This appeal followed.

Brewer brings four issues before the
Court.  First, Brewer contends that the
trial court erred in granting the defendants qualified immunity because the
trial court misapplied the law regarding Brewer’s failure to raise a material
issue of fact regarding violation of his constitutional rights.  Second, Brewer contends that the trial court
erred in denying his cross-motion for summary judgment because the defendants
did not respond.  Third, Brewer contends
that the trial court erred in denying his no-evidence motion for summary
judgment when the defendants failed to produce the required summary judgment
evidence.  Finally, Brewer contends that
we should reconsider his conspiracy to retaliate cause of action.

Traditional Motions for Summary Judgment

Standard of Review  

Appellate courts review the granting of a motion for
summary judgment de novo.  See
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661
(Tex. 2005).  When, as here, both parties
file a motion for summary judgment with the trial court, and one is granted and
one is denied, the reviewing court determines all questions presented and
renders the judgment that should have been rendered by the trial court. HCBeck,
Ltd., v. Rice, 284 S.W.3d 349, 352 (Tex. 2007). The movant in a traditional motion for summary judgment, filed
pursuant to rule 166a(c), has the burden of showing that no genuine issue of
material fact exists and that it is entitled to a summary judgment as a matter
of law.  See Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  The trial court must indulge every reasonable
inference in favor of the non-movant and resolve all
doubts in his favor.  Id.

Qualified Immunity

            The
trial court granted the defendants’ traditional motion for summary judgment on
the ground that Brewer had not raised a material question of fact that his
constitutional rights were violated by the defendants and, therefore, the
defendants were entitled to qualified immunity. 
On appeal, Brewer asserts that his summary judgment proof demonstrates
the existence of a material fact issue about whether the conduct of the
defendants was in retaliation for Brewer’s attempt to exercise his
constitutional right of access to the courts.

            It
is axiomatic that “[p]ublic officials acting within
the scope of their official duties are shielded from civil liability by the
qualified immunity doctrine.”  Kipps
v. Caillier, 197 F.3d 765, 768 (5th
Cir. 1999).   Those governmental
officials are entitled to qualified immunity “insofar as their conduct does not
violate clearly established statutory or constitutional rights of which a
reasonable person would have known.”  Id.
(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).  To demonstrate that defendants are not
entitled to claim qualified immunity, a plaintiff must satisfy a three-part
test set forth in Morris v. Dearborne, 181
F.3d 657, 665 (5th Cir. 1999). 
A court must determine, first, whether plaintiff alleges a deprivation
of a constitutional or statutory[7]
right; second, whether that right was clearly established at the time of the
alleged violation; and, finally, whether the record shows that a violation
occurred, or at least gives rise to a genuine issue of material fact as to
whether the defendant actually engaged in the conduct that violated the clearly
established right.  Id.
at 665-66.

            That
Brewer enjoys a constitutional right of access to the courts is beyond
doubt.  See Bounds v. Smith,
430 U.S. 817, 821, 97 S.Ct. 1491, 52
L.Ed.2d 72, (1977).  Further,
there is no question that Brewer may not be retaliated against because he
attempts to exercise his right of access to the courts by use of the law
library.  See McDonald v.
Steward, 132 F.3d 225, 231 (5th Cir.
1998).  

However, the defendants contend that
Brewer must demonstrate that his access to the courts was, in fact, hindered by
their actions.  To support this
proposition, the defendants refer this Court to the McDonald case cited
above.  The gist of the argument by the
defendants is that, unless Brewer demonstrates something more than de minimis
retaliatory actions by the defendants, there is no constitutional
violation.  This line of reasoning
concludes that if there is no constitutional violation, then there is no
cognizable 1983 action.  

Brewer counters this argument by
alleging that this matter has previously been decided by the Waco Court in the
earlier Brewer decision.  Therefore, we,
as a reviewing court, are bound by that decision.  We will address both sets of contentions as
set out above.

In order to establish a cause of
action for retaliation, Brewer must establish: 1) a specific constitutional
right, 2) the defendants’ intent to retaliate against Brewer for his exercise
of that right, 3) a retaliatory adverse act, and 4) causation.  See id.  The issue boils down to whether or not there
are material fact issues as to the third element, a retaliatory adverse
act.  In Lewis v. Casey, 518 U.S.
343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996),
Justice Scalia, writing for the Court, in an access to the courts case
involving the State of Arizona said, “. . . the inmate therefore must go one
step further and demonstrate that the alleged shortcomings in the library or
legal assistance program hindered his efforts to pursue a legal claim.”  The Supreme Court was addressing the issue of
whether actual injury was required to show a violation of the constitutional
requirement of access to the courts.  See
id.  The Court concluded that
actual injury was required by the prior case of Bounds v. Smith, 430
U.S.817, 821-25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  See Lewis, 518 U.S. at
351.  In explaining the holding in Lewis,
Justice Scalia remarked, “[a]lthough Bounds
itself made no mention of an actual-injury requirement, it can hardly be
thought to have eliminated that constitutional prerequisite.”  Lewis, 518 U.S. at 351.  The 5th Circuit refers to this
requirement in its discussion of de minimis retaliatory actions, and has held that such an
act would not support a constitutional violation in the retaliation arena.  See Morris v. Powell, 449 F.3d
682, 685-86 (5th Cir. 2006, cert. denied) (retaliation for
exercising First Amendment right to use prison grievance procedure).  The question then becomes did the defendants
have summary judgment proof that reduced Brewer’s claim of retaliation to de minimis status.  Our reading of the record is that the only
summary judgment evidence on the point did, in fact, show that Brewer’s claim
was of the de minimis
variety.

Specifically, the defendants produced
the records of the law library as part of the summary judgment evidence.  These records affirmatively show that, during
the month of September 2005, Brewer was afforded a total of 49.5 hours in the
law library.  The records further reflect
that, during October 2005, Brewer was able to visit the law library for a total
of 40.5 hours.  It must be remembered
that, according to Brewer’s allegations, the retaliatory acts occurred in
September and October 2005.  The summary
judgment evidence also clearly demonstrates that the only active piece of
litigation that Brewer was able to claim to be working on was a petition for
review in Cause No. 05-0679, styled Van Lee Brewer v. Texas Dept. of Pub. Safety.  Brewer has admitted that the petition for
review was due on October 14, 2005, and the records of the Texas Supreme Court,
produced as part of the summary judgment evidence, reflect that the petition
was filed on October 17, 2005.  Nothing
in the summary judgment proof offered by Brewer indicates that there were any
further requirements for filing with the Texas Supreme Court.  Further, nothing in the record establishes
nor does Brewer contend that the Texas Supreme Court refused to consider Brewer’s
petition as untimely filed.  

In a factual scenario similar to the
one presented in the present case, the 5th Circuit held, in Jones
v. Greninger, 188 F.3d 322, 326 (5th
Cir. 1999), that restricting an inmate’s law library access to five hours per
week did not violate the inmate’s right of access to the courts.  The Texas Supreme Court held, in a case
involving allegations of retaliation for exercising a First Amendment right to
complain about treatment by prison officials, that acts of de minimis retaliation do not satisfy the
retaliatory adverse act requirement of a retaliation claim.  See Institutional Div. of the Tex.
Dep’t Crim. Justice v. Powell, 2010 Tex. LEXIS 480, at *6; 53 Tex. Sup. J.
953 (July 2, 2010).  

Brewer counters this argument by
arguing that this issue was determined by the Waco Court’s decision in the
first Brewer case.  See Brewer,
268 S.W.3d at 770-71. 
However, Brewer’s reliance on the previous decision by the Waco Court is
misplaced for two reasons.  First, the
Waco case was decided under the provisions of Chapter 14 and the court’s
attention was directed at the pleadings of Brewer to see if he alleged a cause
of action that could withstand a challenge that it was frivolous.  Therefore, the Waco Court was required to
accept the factual allegations of Brewer as true.  Id. at 770.  Second, Brewer has fixated his argument on
that portion of the opinion that states, “[t]he inmate must ‘allege a
chronology of event from which retaliation may plausibly be inferred.’”  Id. at 771 (quoting Woods v Smith,
60 F.3d 1161, 1166 (5th Cir. 1995)). 
However, this quoted portion of the opinion dealt with the second
element of a retaliation claim, “the defendant’s intent to retaliate.”  Id. 
All that the opinion says regarding the retaliatory adverse act is a
short recitation of facts as alleged by Brewer’s pleadings with a conclusory statement that, “Brewer’s petition adequately
pleads retaliatory adverse acts.”  Id. at 773. 
While the first Brewer opinion may be instructive in several aspects, it
is not the law of the case as to the issue of summary judgment, for that was
not the issue with which it dealt.  Accordingly,
we do not find the opinion conclusive on the issues presented to this
Court.  See Briscoe v. Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003)
(questions of law decided on appeal to the court of last resort will control
throughout the case).  

Based upon our review of the summary
judgment evidence and application of the law regarding de minimis retaliation, we find that the
trial court was correct when it granted the summary judgment in favor of the
defendants.  There was no violation of
Brewer’s constitutional rights.  See
Lewis, 518 U.S. at 351. 
Therefore, the defendants were entitled to claim qualified
immunity.  See  Kipps,
197 F.3d at 768.  

In reviewing Brewer’s traditional
motion for summary judgment, we first recognize that Brewer is representing
himself pro se and is not schooled in
the law.  However, his main thesis for
our overruling the denial of his motion is centered around
his perception of the requirements of Federal Rule of Civil Procedure 56.  See Fed.
R. Civ. P. 56.  To the extent
Brewer is asking us to apply the Federal Rules of Procedure, we decline to do
so.  Summary judgment practice in Texas
Courts is governed by rule 166(a) and not the Federal Rules.  Further, because the defendants have shown
that they were entitled to qualified immunity, Brewer’s traditional motion for
summary judgment based upon the defendants’ alleged failure to respond must
fail.  Accordingly, we overrule Brewer’s
second issue.

Having overruled Brewer’s first and
second issues, we must now turn our attention to his no-evidence motion for
summary judgment, and his request that we reconsider the Waco Court’s ruling
that his conspiracy claim lacked any arguable basis in the law.  We will address the no-evidence motion first.

Brewer’s
No-Evidence Motion for Summary Judgment

Brewer’s next issue contends that the
trial court abused its discretion by not granting his no-evidence motion for
summary judgment.  The summary judgment
in question addressed the affirmative defenses that the defendants pled, except
for qualified immunity.  Since the trial
court did not grant a summary judgment based upon any of the affirmative
defenses Brewer referenced in the motion, the failure to grant a summary
judgment could not have been error.  The
above consideration aside, when we review the entire record, as we must, there
is more than a scintilla of evidence to support the defendants’ affirmative
defenses.  At the end of the day, we need
not reach this issue for it does not alter the disposition of the case.

 

Conspiracy to Retaliate Cause of
Action

In his final issue, Brewer asserts
that this Court has the authority to reconsider our sister court’s ruling that
Brewer’s conspiracy to retaliate claim had no arguable basis in law and was,
therefore, frivolous.  Brewer, 268 S.W.3d at 774. 
While Brewer may be correct in his statement that we have the discretion
to revisit the conclusion of the Waco Court,[8]
we see no reason to do so.  Brewer has
yet to provide the Court with any authority demonstrating that the Waco Court
was in error.  Further, Brewer did not
seek review of the prior holding by the Texas Supreme Court.  Accordingly, we decline the invitation to
revisit the issue and overrule his fourth issue.

Conclusion

Having overruled all of Brewer’s
issues that required a ruling, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Pursuant to the Texas Supreme Court’s docket
equalization efforts, this case was transferred to
this Court from the 10th District Court of Appeals.  See Tex.
Gov’t Code
Ann. § 73.001 (Vernon 2005).  That being so, we must decide this case “in
accordance with the precedent of the transferor court under the principles of stare
decisis” if our decision otherwise would have been
inconsistent with the precedent of the transferor court.  Tex.
R. App. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672 (Tex.App.–El Paso 2009, pet. denied)

.





[2] Further reference to 42 U.S.C. § 1983 will be by
reference to “1983.”

 





[3] Further reference to the Texas Civil Practice &
Remedies Code will be by reference to “section” or “§ ___,” or “Chapter ____.” 





[4] Further reference to the Texas Rules of Civil Procedure
will be by reference to “rule ___.”

 





[5] Brewer’s response was actually filed prior to the
defendants filling their motion for summary judgment.  However, no one has objected to the response
on the grounds that it was not timely made and we will consider the response in
our opinion.





[6] The motion actually references Federal Rule of Civil
Procedure 56(c).  However, the trial
court and the defendants treated Brewer’s motion as a no-evidence motion for
summary judgment and we will do likewise.





[7] While Morris does not expressly provide for
claims based upon violations of statutory rights, the facts of Morris
were addressing claimed violations of only constitutional rights.  Id. 
However, from Harlow, we are instructed that a claim for
violation of statutory rights is cognizable in a 1983 action.  See Harlow, 457 U.S. at 818.





[8] But see Tex.
R. App. P. 41.3; Phillips, 296 S.W.3d at 672 (under the
principle of stare decisis,
a transferee court must apply the precedent of the transferor court).