NO. 07-10-00155-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2010

VAN LEE BREWER, APPELLANT

v.

JASON SIMENTAL, ET AL, APPELLEES

FROM THE 278TH DISTRICT COURT OF WALKER COUNTY;

NO. 23,325; HONORABLE KENNETH H. KEELING, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Van Lee Brewer (Brewer), appeals the granting of a summary judgment in favor of Jason Simental, Gordon Townsend, David Duke, Janet C. Taylor, Lindsey Lewis, Robert Losack, John D. Seigle, and Carl Davis (collectively, "defendants"), and the denial of a no-evidence summary judgment filed by Brewer against the defendants.[1]  We affirm.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the 10th District Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).  That being so, we must decide this case "in accordance with the precedent of the transferor court under the principles of stare

Factual and Procedural Background

Brewer, an inmate within the Texas Department of Criminal Justice - Institutional Division assigned, during all applicable times, to the Wynne Unit in Huntsville, Texas, filed an action pursuant to 42 U.S.C. § 1983,[2] alleging a violation of his civil rights. Specifically, Brewer alleges that he had been the target of retaliatory action by the defendants due to his attempting to exercise his rights of access to the courts. Brewer's lawsuit was filed *in forma pauperis.* The defendants filed a motion to dismiss the lawsuit pursuant to Chapter 14 of the Civil Practice and Remedies Code. See TEX. CIV. PRAC. & CODE ANN. ch. 14 (Vernon 2002). [3] Ultimately, the trial court dismissed Brewer's cause of action because it found Brewer failed to comply with section 14.005 and Government Code section 501.008. See TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004). Further, the trial court found the action to be frivolous and malicious. See § 14.003(a)(2).

On appeal, the Waco Court of Appeals reversed the trial court's decision and found that Brewer had, in fact, met the administrative requirements of both Chapter 14 and section 501.008 of the Government Code. Further, the appellate court found that Brewer asserts two distinct claims by his action: 1) retaliation for his exercise of his constitutional right of access to the courts, and 2) conspiracy to retaliate for attempting to exercise his constitutional right of access to the courts. See Brewer v. Simental, 268

---

decisis" if our decision otherwise would have been inconsistent with the precedent of the transferor court. TEX. R. APP. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672 (Tex.App.–El Paso 2009, pet. denied)

[2] Further reference to 42 U.S.C. § 1983 will be by reference to "1983."

[3] Further reference to the Texas Civil Practice & Remedies Code will be by reference to "section" or "§ ___," or "Chapter ____."

S.W.3d 763, 770-71 (Tex.App.—Waco 2008, no pet.). After analyzing the conspiracy to retaliate claim, the Waco Court found that the trial court was correct in dismissing that claim. See id. at 774. However, as to the claim that Brewer had been retaliated against because he attempted to exercise his constitutional right of access to the courts, the Waco Court concluded that Brewer had alleged enough facts from which retaliation might plausibly be inferred. See id. at 773. The Waco Court remanded the case to the trial court for further consideration in light of its opinion.

Subsequent to the remand, the defendants filed a traditional motion for summary judgment. See TEX. R. CIV. P. 166a(c).[4] They alleged three grounds to support the granting of a summary judgment. First, the defendants alleged that Brewer was not deprived of a constitutional right and could not show a retaliatory adverse act. Therefore, posited the defendants, Brewer's 1983 action was not cognizable by the court. Second, the defendants alleged that they had not violated any of Brewer's constitutional rights and, therefore, the defendants were entitled to qualified immunity. Finally, the defendants alleged that Brewer had been afforded minimal due process procedures at his disciplinary hearing. Thus, his due process rights were not violated in a manner contrary to 1983. Brewer responded to the motion for summary judgment,[5] and filed a cross-motion for summary judgment that appears to be a traditional motion

---

[4] Further reference to the Texas Rules of Civil Procedure will be by reference to "rule ___."

[5] Brewer's response was actually filed prior to the defendants filling their motion for summary judgment. However, no one has objected to the response on the grounds that it was not timely made and we will consider the response in our opinion.

3

for summary judgment.[6]  Before submitting his traditional motion for summary judgment, Brewer filed a no-evidence motion for summary judgment, pursuant to rule 166(a)(i), contending that there was no evidence to support one or more of the essential elements of the defendants' affirmative defenses of sovereign immunity, official immunity, statute of limitations, assumption of risk, estoppels, illegality, or contributory and comparative negligence.  Of importance for this opinion is Brewer's declaration in his no-evidence motion for summary judgment that the defendants' affirmative defense of qualified immunity would be addressed within his traditional motion for summary judgment.  Thus, the qualified immunity affirmative defense was not a part of the no-evidence motion for summary judgment.

The trial court granted a final summary judgment stating that Brewer had not raised a material question of fact that his constitutional rights were violated by any of the defendants.  Accordingly, the trial court found the defendants were entitled to qualified immunity.  The trial court, therefore, dismissed all of Brewer's claims with prejudice.  This appeal followed.

Brewer brings four issues before the Court.  First, Brewer contends that the trial court erred in granting the defendants qualified immunity because the trial court misapplied the law regarding Brewer's failure to raise a material issue of fact regarding violation of his constitutional rights.  Second, Brewer contends that the trial court erred in denying his cross-motion for summary judgment because the defendants did not

---

[6] The motion actually references Federal Rule of Civil Procedure 56(c). However, the trial court and the defendants treated Brewer's motion as a no-evidence motion for summary judgment and we will do likewise.

respond. Third, Brewer contends that the trial court erred in denying his no-evidence motion for summary judgment when the defendants failed to produce the required summary judgment evidence. Finally, Brewer contends that we should reconsider his conspiracy to retaliate cause of action.

Traditional Motions for Summary Judgment

Standard of Review

Appellate courts review the granting of a motion for summary judgment *de novo*. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, both parties file a motion for summary judgment with the trial court, and one is granted and one is denied, the reviewing court determines all questions presented and renders the judgment that should have been rendered by the trial court. HCBeck, Ltd., v. Rice, 284 S.W.3d 349, 352 (Tex. 2007). The movant in a traditional motion for summary judgment, filed pursuant to rule 166a(c), has the burden of showing that no genuine issue of material fact exists and that it is entitled to a summary judgment as a matter of law. See Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). The trial court must indulge every reasonable inference in favor of the non-movant and resolve all doubts in his favor. Id.

Qualified Immunity

The trial court granted the defendants' traditional motion for summary judgment on the ground that Brewer had not raised a material question of fact that his constitutional rights were violated by the defendants and, therefore, the defendants

were entitled to qualified immunity. On appeal, Brewer asserts that his summary judgment proof demonstrates the existence of a material fact issue about whether the conduct of the defendants was in retaliation for Brewer's attempt to exercise his constitutional right of access to the courts.

It is axiomatic that "[p]ublic officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." Kipps v. Caillier, 197 F.3d 765, 768 (5th Cir. 1999). Those governmental officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To demonstrate that defendants are not entitled to claim qualified immunity, a plaintiff must satisfy a three-part test set forth in Morris v. Dearborne, 181 F.3d 657, 665 (5th Cir. 1999). A court must determine, first, whether plaintiff alleges a deprivation of a constitutional or statutory[7] right; second, whether that right was clearly established at the time of the alleged violation; and, finally, whether the record shows that a violation occurred, or at least gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly established right. Id. at 665-66.

That Brewer enjoys a constitutional right of access to the courts is beyond doubt. See Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72, (1977).

---

[7] While Morris does not expressly provide for claims based upon violations of statutory rights, the facts of Morris were addressing claimed violations of only constitutional rights. Id. However, from Harlow, we are instructed that a claim for violation of statutory rights is cognizable in a 1983 action. See Harlow, 457 U.S. at 818.

Further, there is no question that Brewer may not be retaliated against because he attempts to exercise his right of access to the courts by use of the law library. See McDonald v. Steward, 132 F.3d 225, 231 (5ᵗʰ Cir. 1998).

However, the defendants contend that Brewer must demonstrate that his access to the courts was, in fact, hindered by their actions. To support this proposition, the defendants refer this Court to the McDonald case cited above. The gist of the argument by the defendants is that, unless Brewer demonstrates something more than *de minimis* retaliatory actions by the defendants, there is no constitutional violation. This line of reasoning concludes that if there is no constitutional violation, then there is no cognizable 1983 action.

Brewer counters this argument by alleging that this matter has previously been decided by the Waco Court in the earlier Brewer decision. Therefore, we, as a reviewing court, are bound by that decision. We will address both sets of contentions as set out above.

In order to establish a cause of action for retaliation, Brewer must establish: 1) a specific constitutional right, 2) the defendants' intent to retaliate against Brewer for his exercise of that right, 3) a retaliatory adverse act, and 4) causation. See id. The issue boils down to whether or not there are material fact issues as to the third element, a retaliatory adverse act. In Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), Justice Scalia, writing for the Court, in an access to the courts case involving the State of Arizona said, ". . . the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance

7

program hindered his efforts to pursue a legal claim." The Supreme Court was addressing the issue of whether actual injury was required to show a violation of the constitutional requirement of access to the courts. See id. The Court concluded that actual injury was required by the prior case of Bounds v. Smith, 430 U.S.817, 821-25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). See Lewis, 518 U.S. at 351. In explaining the holding in Lewis, Justice Scalia remarked, "[a]lthough Bounds itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite." Lewis, 518 U.S. at 351. The 5th Circuit refers to this requirement in its discussion of *de minimis* retaliatory actions, and has held that such an act would not support a constitutional violation in the retaliation arena. See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006, cert. denied) (retaliation for exercising First Amendment right to use prison grievance procedure). The question then becomes did the defendants have summary judgment proof that reduced Brewer's claim of retaliation to *de minimis* status. Our reading of the record is that the only summary judgment evidence on the point did, in fact, show that Brewer's claim was of the *de minimis* variety.

Specifically, the defendants produced the records of the law library as part of the summary judgment evidence. These records affirmatively show that, during the month of September 2005, Brewer was afforded a total of 49.5 hours in the law library. The records further reflect that, during October 2005, Brewer was able to visit the law library for a total of 40.5 hours. It must be remembered that, according to Brewer's allegations, the retaliatory acts occurred in September and October 2005. The summary judgment evidence also clearly demonstrates that the only active piece of litigation that Brewer

8

was able to claim to be working on was a petition for review in Cause No. 05-0679, styled <u>Van Lee Brewer v. Texas Dept. of Pub. Safety</u>. Brewer has admitted that the petition for review was due on October 14, 2005, and the records of the Texas Supreme Court, produced as part of the summary judgment evidence, reflect that the petition was filed on October 17, 2005. Nothing in the summary judgment proof offered by Brewer indicates that there were any further requirements for filing with the Texas Supreme Court. Further, nothing in the record establishes nor does Brewer contend that the Texas Supreme Court refused to consider Brewer's petition as untimely filed.

In a factual scenario similar to the one presented in the present case, the 5th Circuit held, in <u>Jones v. Greninger</u>, 188 F.3d 322, 326 (5th Cir. 1999), that restricting an inmate's law library access to five hours per week did not violate the inmate's right of access to the courts. The Texas Supreme Court held, in a case involving allegations of retaliation for exercising a First Amendment right to complain about treatment by prison officials, that acts of *de minimis* retaliation do not satisfy the retaliatory adverse act requirement of a retaliation claim. <u>See</u> <u>Institutional Div. of the Tex. Dep't Crim. Justice v. Powell</u>, 2010 Tex. LEXIS 480, at *6; 53 Tex. Sup. J. 953 (July 2, 2010).

Brewer counters this argument by arguing that this issue was determined by the Waco Court's decision in the first Brewer case. <u>See</u> <u>Brewer</u>, 268 S.W.3d at 770-71. However, Brewer's reliance on the previous decision by the Waco Court is misplaced for two reasons. First, the Waco case was decided under the provisions of Chapter 14 and the court's attention was directed at the pleadings of Brewer to see if he alleged a cause of action that could withstand a challenge that it was frivolous. Therefore, the

9

Waco Court was required to accept the factual allegations of Brewer as true. Id. at 770. Second, Brewer has fixated his argument on that portion of the opinion that states, "[t]he inmate must 'allege a chronology of event from which retaliation may plausibly be inferred.'" Id. at 771 (quoting Woods v Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)). However, this quoted portion of the opinion dealt with the second element of a retaliation claim, "the defendant's intent to retaliate." Id. All that the opinion says regarding the retaliatory adverse act is a short recitation of facts as alleged by Brewer's pleadings with a conclusory statement that, "Brewer's petition adequately pleads retaliatory adverse acts." Id. at 773. While the first Brewer opinion may be instructive in several aspects, it is not the law of the case as to the issue of summary judgment, for that was not the issue with which it dealt. Accordingly, we do not find the opinion conclusive on the issues presented to this Court. See Briscoe v. Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003) (questions of law decided on appeal to the court of last resort will control throughout the case).

Based upon our review of the summary judgment evidence and application of the law regarding *de minimis* retaliation, we find that the trial court was correct when it granted the summary judgment in favor of the defendants. There was no violation of Brewer's constitutional rights. See Lewis, 518 U.S. at 351. Therefore, the defendants were entitled to claim qualified immunity. See Kipps, 197 F.3d at 768.

In reviewing Brewer's traditional motion for summary judgment, we first recognize that Brewer is representing himself *pro se* and is not schooled in the law. However, his main thesis for our overruling the denial of his motion is centered around his perception

of the requirements of Federal Rule of Civil Procedure 56. See FED. R. CIV. P. 56. To the extent Brewer is asking us to apply the Federal Rules of Procedure, we decline to do so. Summary judgment practice in Texas Courts is governed by rule 166(a) and not the Federal Rules. Further, because the defendants have shown that they were entitled to qualified immunity, Brewer's traditional motion for summary judgment based upon the defendants' alleged failure to respond must fail. Accordingly, we overrule Brewer's second issue.

Having overruled Brewer's first and second issues, we must now turn our attention to his no-evidence motion for summary judgment, and his request that we reconsider the Waco Court's ruling that his conspiracy claim lacked any arguable basis in the law. We will address the no-evidence motion first.

Brewer's No-Evidence Motion for Summary Judgment

Brewer's next issue contends that the trial court abused its discretion by not granting his no-evidence motion for summary judgment. The summary judgment in question addressed the affirmative defenses that the defendants pled, except for qualified immunity. Since the trial court did not grant a summary judgment based upon any of the affirmative defenses Brewer referenced in the motion, the failure to grant a summary judgment could not have been error. The above consideration aside, when we review the entire record, as we must, there is more than a scintilla of evidence to support the defendants' affirmative defenses. At the end of the day, we need not reach this issue for it does not alter the disposition of the case.

11

Conspiracy to Retaliate Cause of Action

In his final issue, Brewer asserts that this Court has the authority to reconsider our sister court's ruling that Brewer's conspiracy to retaliate claim had no arguable basis in law and was, therefore, frivolous. Brewer, 268 S.W.3d at 774. While Brewer may be correct in his statement that we have the discretion to revisit the conclusion of the Waco Court,[8] we see no reason to do so. Brewer has yet to provide the Court with any authority demonstrating that the Waco Court was in error. Further, Brewer did not seek review of the prior holding by the Texas Supreme Court. Accordingly, we decline the invitation to revisit the issue and overrule his fourth issue.

Conclusion

Having overruled all of Brewer's issues that required a ruling, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

---

[8] But see TEX. R. APP. P. 41.3; Phillips, 296 S.W.3d at 672 (under the principle of *stare decisis*, a transferee court must apply the precedent of the transferor court).