

NUMBER 13-15-00324-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TRACEY W. MURPHY,                                                          Appellant,

v.

CHRISTOPHER PAULEY, ET AL.,                                               Appellees.

On appeal from the 343rd District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Tracey Murphy is an inmate housed in the Texas Department of Criminal

Justice—Institutional Division (TDCJ—ID).  Murphy brought suit against Christopher

Pauley, Maria Ramirez, Michael Alsobrook, Dacho Ongudu, and Joe Fernandez, all

employed by the TDCJ—ID, in their individual capacities for retaliatory acts and violations

of his due process rights under the Fourteenth Amendment. *See* U.S. CONST. amend. XIV; 42 U.S.C § 1983 (2015) (West, Westlaw through P.L. 104-317). The trial court dismissed all of Murphy's claims against defendants. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West, Westlaw through 2015 R.S.). Murphy argues on appeal that the trial court erred by dismissing his case as frivolous pursuant to Chapter 14. We affirm.

## I. BACKGROUND

On March 24, 2014, Murphy approached Sergeant Fernandez for help in contacting Lieutenant Pauley to obtain "emergency legal stamps" from the commissary. Murphy needed to mail papers to meet a filing deadline for a criminal case against him. Murphy claims that Fernandez refused to call in his request. While in the recreation yard, Murphy asserts that he saw Lieutenant Pauley and approached him directly about obtaining stamps. According to Murphy, Pauley cursed and exclaimed that he does not care about Murphy's legal problems and that he would not be getting any special treatment. Murphy claims that he then told Lieutenant Pauley that he did not appreciate the cursing or treatment he received, and he further told Pauley that he would be filing a grievance claim against him. Murphy then claims that Lieutenant Pauley had Officer Ongudu file a false incident report against Murphy. The report asserted that Murphy refused to obey Officer Ongudu's order to go inside the building and cursed at Ongudu. The report was submitted to Major Alsobrook, who Murphy argues allowed Pauley to preside at the disciplinary hearing, even though Pauley should not have been allowed to preside since he had been involved in the incident.

As a result of the disciplinary action, Murphy received a thirty-day commissary restriction, a thirty-day recreation restriction, and a ten-day cell restriction. However, the

disciplinary action was subsequently dismissed. Murphy filed a step one grievance with Assistant Warden Ramirez, claiming that Pauley, Fernandez, Ongudu, and Alsobrook denied him due process during the disciplinary case and for taking retaliatory acts (filing an allegedly false report) against him for threatening to file a complaint against Pauley. Ramirez denied the appeal. Murphy filed a step two grievance, which was also denied. Thereafter, Murphy filed suit against all defendants. After a hearing, the trial court held that: (1) the injuries sustained from the alleged retaliatory acts were *de minimus*; (2) Murphy's asserted inmate privileges in this case are not protected liberty interests under § 1983; and (3) all of the Defendants were entitled to qualified immunity. Accordingly, the trial court dismissed the case as frivolous. This appeal followed.

## II. CHAPTER 14 DISMISSAL

Murphy argues on appeal that it was an abuse of discretion to dismiss his case as frivolous because: (1) he suffered more than a *de minimus* injury; (2) his due process rights were violated under § 1983; and (3) the defendants were not entitled to qualified immunity.

### A. Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ). Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the

3

dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

## B. Applicable Law

A court may dismiss a claim that is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the court may consider, among other factors, whether the claim has no arguable basis in law or in fact. *See id.* § 14.003(b).

"Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct, and a violation of this right is actionable under 42 U.S.C. § 1983." *Institutional Div. of Tex. Dep't of Criminal Justice v. Powell*, 318 S.W.3d 889, 892 (Tex. 2010). To state a valid claim for retaliation under 42 U.S.C. § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *See Powell*, 318 S.W.3d at 892.

Under the third prong, the inmate must show that he suffered a retaliatory adverse act that would "chill or silence a person of ordinary firmness from future First Amendment activities." *Morris v. Powell*, 449 F.3d 682, 685–86 (5th Cir. 2006). In other words, "acts of retaliation that are *de minimis* do not satisfy the 'retaliatory adverse act' requirement." *See Powell*, 318 S.W.3d at 892. Examples of injuries that are more than *de minimus* and meet the retaliatory adverse act requirement would be: transferring the inmate to a more dangerous prison; subjecting the prisoner to subzero temperatures for several hours; or

4

confiscating more than $11,000 of the inmate's personal property. *See Powell*, 318 S.W.3d at 892.

## C. *De Minimus* Injury

It is Murphy's assertion that the defendants retaliated against him for exercise of his First Amendment right to complain about a prison official's conduct by instructing Ongudu to write a false incident report. Murphy alleges that the retaliation occurred because Murphy threatened to file a complaint against Lieutenant Pauley for failure to assist him in obtaining legal stamps. Murphy claims emotional distress resulting from the disciplinary action and the events that transpired. Assuming without deciding that the defendants' acts were retaliatory, we still cannot conclude that Murphy's injuries were more than *de minimus*, nor can we conclude that the defendants' retaliatory motive was the but-for cause of the disciplinary case against Murphy.

Murphy admits that the disciplinary charge against him was ultimately dismissed. A single allegedly "retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action" and thus counts as a *de minimus* injury. *Powell*, 318 S.W.3d at 892. Also, we cannot conclude that the harm Murphy suffered would "chill or silence a person of ordinary firmness from future First Amendment activities." *Morris*, 449 F.3d at 685. Murphy's injuries, if any, were *de minimus. See id.*

Furthermore, even though Murphy contends that he did not curse at the officer, he does not deny that he ignored Officer Ongudu's order to go inside. Only "some evidence" is required to support a disciplinary charge. *See Espinoza v. Benoit*, 108 Fed. Appx. 869, 871 (5th Cir. 2004). The testimony that Murphy disobeyed an officer is "some evidence," and thus Murphy has not shown that the disciplinary action would not have occurred but-

5

for the defendants' alleged retaliatory motives because there exists a perfectly legitimate reason for the disciplinary action taken against Murphy. *See id.* Murphy's § 1983 retaliation claim fails because it has no arguable basis in law or fact. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b). We overrule Murphy's first issue.

### III. DUE PROCESS

Murphy also claims that his due process rights were violated during the disciplinary procedure against him. More specifically, he argues that the defendants' failure to properly investigate the facts that gave rise to his disciplinary case and having Lieutenant Pauley preside over the disciplinary hearing itself violated his due process rights.

Even though due process is available to prisoners, the minimal due process procedures that are required for more severe actions such as the loss of good time are not required "for the imposition of lesser penalties such as the loss of privileges." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). For a prison disciplinary hearing, due process requires that the inmate receive "advance, written notice of the charges; a written statement by the factfinder as to the evidence upon which it relies as well as to the reasons for the action taken; and the right to present evidence, subject to reasonable restrictions necessary to maintain order within the penal institution." *Id.* at 563. Murphy does not claim he was denied any of these due process rights. Murphy asserts alleged violations of TDCJ—ID policies, but that alone is not a sufficient § 1983 claim. *See id.*

In addition, the liberty interests protected under the Fourteenth Amendment are generally limited to those that impose atypical or significant hardship. S*ee Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *see also Kennedy v. Keith*, No. 04-99-00100-CV, 2000 WL 31865, at *1 (Tex. App.—San Antonio

6

2000, no pet.) (memo. op.) (holding that an inmate receiving a fifteen-day cell restriction and forty-five day recreation and commissary restrictions was not an actionable claim under § 1983 because it did not involve "atypical or significant" hardships protected by due process rights). Thus, we conclude that the trial court did not err in finding that Murphy's privileges were not protected under the Fourteenth Amendment. We overrule Murphy's second issue.

Having concluded that Murphy's injuries were *de minimus* and that his due process rights were not violated, we need not address Murphy's immunity argument. *See* TEX. R. APP. P. 47.1. Even if we agreed with Murphy that the defendants were not entitled to qualified immunity, we have already concluded that Murphy's retaliation and due process claims have no arguable basis in law or fact. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b). Therefore, we conclude that the trial court did not abuse its discretion in dismissing Murphy's claims as frivolous.

## IV. CONCLUSION

We affirm the trial court's judgment.

Nora L. Longoria
Justice

Delivered and filed the
26th day of May, 2016.

7