# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2012

Lyle W. Cayce
Clerk

No. 11-40220
Summary Calendar

ROBERT CHARLES MORRIS,

Plaintiff-Appellant

v.

ELIZABETH E. CROSS; CHRIS W. AGAPIOU; SHERRI L. MILLIGAN; ROBERT HERRERA; CHRISTY M. HOISINGTON; SUSAN BAUER; WILLIAM STEPHENS; NATHANIEL QUARTERMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-236

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Charles Morris, Texas prisoner # 1311083, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) and Rule 56 of the Federal Rules of Civil Procedure. In his civil rights complaint, he asserted that in February 2009, defendants Elizabeth E. Cross, Chris W. Agapiou, and Sherri L. Milligan retaliated against him for filing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a state lawsuit against Milligan by seizing some of his personal property during a shakedown search.  He maintained that the other defendants failed to conduct adequate investigations into his grievances, denied him relief on his grievances, and failed to respond to letters he wrote pertaining to the search and seizure of his property.

On appeal, Morris contends that the district court erred in granting summary judgment in favor of Cross, Agapiou, and Milligan on his retaliation claim.  In order to state a valid retaliation claim, he must prove (1) his invocation of a specific constitutional right, (2) the defendants' intent to retaliate against him for exercising that right, (3) a retaliatory adverse act, and (4) causation.  *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  Morris has failed to "establish that but for the retaliatory motive," his property would not have been seized.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Because Morris failed to show a constitutional violation, the district court properly concluded that Cross, Agapiou, and Milligan were entitled to qualified immunity.  *See Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009).  In the absence of a "genuine dispute as to any material fact," the district court properly granted summary judgment.  FED. R. CIV. P. 56.

Morris contends that the district court should not have dismissed defendant Christy Hoisington from suit because her failure to conduct an adequate investigation into his grievance implicates due process.  He is incorrect in this assertion, because he lacks a protected interest in a favorable resolution to his grievances.  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  This claim lacks a legal or factual basis, and the district court properly dismissed it pursuant to § 1915A(b)(i).  *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).  Because Morris does not challenge the district court's dismissal of the other named defendants under § 1915A, such claims are abandoned.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 11-40220

The district court concluded that claims raised by Morris relating to incidents that occurred in January 2010 should be dismissed without prejudice because Morris had failed to exhaust his administrative remedies at the time he raised the allegations. *See* 42 U.S.C. § 1997e(a). On appeal, Morris asserts that the district court should have considered the January 2010 incidents as a continuation of the February 2009 retaliatory actions. Section 1997e(a) mandates exhaustion of all administrative remedies prior to the filing of a § 1983 action. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). As Morris does not dispute that he had not exhausted his remedies at the time he attempted to add the January 2010 claims to his case, the district court did not err in dismissing these allegations without prejudice. *See Booth*, 532 U.S. at 741 n.6.

Morris also contends that the district court erred in denying him discovery before granting summary judgment. He also maintains that the district court should have held an immediate hearing on his motion for an immediate court order, in which he asserted that prison officials had transferred him to a different prison unit solely to separate him from his proposed witnesses and render him unable to obtain affidavits. Because the defendants raised qualified immunity, Morris was not entitled to proceed with discovery, and the evidence that he proposes that he would have discovered or presented would not have created a genuine issue of material fact. *See Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998); Rule 56(a). Additionally, Morris asserts that the magistrate judge abused her discretion by refusing to accept documentary evidence at a *Spears*[1] hearing. However, his proposed evidence would not have presented a genuine dispute as to the fact of causation for his retaliation claim and would not have shown that he had exhausted his administrative remedies relating to the January 2010 incidents. Therefore, the district court and

---

[1] *Spears v. MCcotter*, 766 F.2d 179 (5th Cir. 1985).

magistrate judge did not abuse their discretion in denying his claims relating to discovery. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Morris has not established that the district court erred in denying relief on his § 1983 claims. Consequently, the judgment of the district court is AFFIRMED. Morris's request to strike the appellees' brief for noncompliance with the Federal Rules of Appellate Procedure and the Fifth Circuit Rules is DENIED.