In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

NO. 09-20-00006-CV
_____

**SHERON G. TERRELL, Appellant**

**V.**

**AUSTIN J. WEEKS, CHRISTIAN N. HOLLEY,
DAVID L. SIMMONS, ALEXANDRIA G. BOUILLION
AND WILLIAM L. MONCRIEF, Appellees**

**On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. CIV33032**

**MEMORANDUM OPINION**

Pro se Appellant Sheron G. Terrell appeals from orders dismissing his lawsuit

with prejudice and declaring him a vexatious litigant. *See* Tex. Civ. Prac. & Rem.

Code Ann. §§ 11.051-.100, 14.001-.014. We affirm.

Procedural Background

On August 1, 2019, Terrell, then an inmate at the Polunsky Unit of the Texas

Department of Criminal Justice (TDCJ), filed a pro se petition against five

1

correctional officers: Austin Weeks, Christian Holley, Simmons,[1] Alexandria Boullion, and William Moncrief (collectively "Defendants"). Terrell alleged that on February 25, 2019, Officer Holley did not permit Terrell to use the law library at the time scheduled. Terrell claims he explained to Holley that he was trying to meet court deadlines, but Officer Simmons ordered Terrell to return to his cell. Terrell further alleged that he asked to speak with a supervisor, and Simmons became angry. Terrell alleged that Officer Weeks explained that the library had rescheduled Terrell because of an OSHA meeting. According to the petition, when Terrell went back to the law library about an hour after his scheduled time, three library staffers told Terrell they did not call Weeks to reschedule Terrell's library time, and he was only allowed to stay at the library "momentarily."

Terrell alleged that in the afternoon of the same day, Officers Boullion and Moncrief ordered a search of Terrell's cell. Terrell contends that when Terrell asked why his cell was searched, Officer Boullion replied "you mess with one of us, we'll get you back!" Terrell alleged that his cell was "a total mess[,]" his masterlock had been broken, and his gym shorts were confiscated.

According to his petition, Terrell contends he suffered harm as a result of retaliation by the Defendants for exercising his rights of free speech and access to the courts and law library, and that but for being ordered back to his cell, the resulting

---

[1] The petition alleged that Simmons's first name was unknown to Terrell.

property damage, confiscation, harassment, and interference with Terrell's right of access to the courts would not have occurred. Terrell further alleged that he would not have incurred an allegedly false disciplinary report but for Weeks's retaliation for Terrell exercising his right to free speech. Terrell asserted that he had claims under 42 U.S.C. § 1983, the United States Constitution, and the Texas Constitution for harassment and intimidation in retaliation for Terrell's use of the grievance procedure. Terrell sought declaratory and injunctive relief, replacement of his property, reopening of his federal lawsuit in cause number 9:16-CV-007, transfer to another unit, and compensatory and punitive damages.

On October 29, 2019, the Attorney General of Texas filed an Amicus Curiae Advisory brief. The Attorney General argues that Terrell's lawsuit should be dismissed because there is not a reasonable probability that he would prevail in the litigation because section 101.106(f) of the Civil Practice and Remedies Code bars a lawsuit against individual state employees for property damage or theft; the grievance procedure provides a remedy for property deprivation and seizure of an inmate's property does not violate due process; the petition failed to specify how the complained-of conduct by prison officers harmed his federal litigation; in his Step 1 grievance, Terrell admitted he was provided over an hour of time in the law library on the afternoon of February 25, 2019; Terrell's petition fails to state an actual injury because the grievance responses state that Terrell's lock was seized because it was

3

determined to be dangerous, and his shorts were taken because they were altered; and Terrell's claim that Weeks filed a false disciplinary report has no arguable basis in law because it was conclusory, lacked any factual allegations, and Terrell failed to exhaust administrative remedies by filing a grievance on the alleged false disciplinary report. The Attorney General further alleged that Terrell qualifies as a vexatious litigant under Chapter 11 because he has filed more than five pro se suits in the prior seven years that have been decided against him. Specifically, the amicus brief lists the following lawsuits filed by Terrell that had been decided against him or were pending:

1. *Terrell v. Mustafa et al.*, No. 3:13-CV-187 (S.D. Tex.-Galveston Division, filed May 30, 2013) (suit dismissed based on the officers' immunity)[;]
2. *Terrell v. Judge Lonnie Cox et al.*, No. 3:14-cv-035 (S.D. Tex. Galveston Division, filed February 4, 2014) (suit dismissed for failure to state a claim)[;]
3. *Terrell v. State of Texas*, 01-12-00404-CR, 2014 WL 50802 (Tex. App.—Houston [1st Dist.], January 7, 2014, conviction affirmed); *Terrell v. State of Texas*, No. WR-81,510-01, 2014 WL 2921839 (Tex. Cr. App., petition for discretionary review (PDR) filed October 21, 2014, application to file out of time PDR granted)[;]
4. *Terrell v. State of Texas*, No. WR-81,510-02 (Tex. Cr. App., petition for writ of habeas corpus filed September 1, 2015) (petition denied June 22, 2016)[;]
5. *Terrell v. Lorie Davis*, No. 9:14-CV-129, 2016 WL 4496592 (E.D. Tex. Lufkin Division, filed August 4, 2014) (Magistrate recommends that Terrell's request for injunctive relief be denied, district court adopts recommendation, denies injunction and dismisses suit)[;]
6. *Terrell v. Lorie Davis, et al.*, No. 16-40491 (5th Cir. 1st notice of appeal of #5 filed March 16, 2016) (appeal dismissed for want of prosecution)[;]

4

6a. *Terrell v. Lorie Davis*, No. 18-41016 (5th Cir. 2nd notice of appeal of #5 filed October 26, 2018 pending)[;]

6b. *Terrell v. Lorie Davis*, No. 9:17-CV-164 (E.D. Tex. Lufkin Division, filed August 4, 2014) (severed from #5, pending)[;]

6c. *Terrell v. Burks et al.*, No. 9:15-cv-123 (E.D. Tex. Lufkin Division, filed August 3, 2015) (magistrate recommends dismissal)[;]

6c. *Terrell v. Burks et al.*, No. 9:15-cv-123 (E.D. Tex. Lufkin Division, filed August 3, 2015) (dismissed as frivolous September 25, 2018, notice of appeal filed February 19, 2019)[;]

6d. *Terrell v. Burks*, No. 18-41015 (5th Cir. notice of appeal filed February 19, 2019 (appeal of #6d, currently pending)[;]

7. *Terrell v. TBCJ et al.*, No. 9:16-cv-007 (E.D. Tex. Lufkin Division, filed January 14, 2016) (suit dismissed March 19, 2019)[;]

8. *Terrell v. TBCJ et al.*, No. 19-40329 (5th Cir. appeal of #7 dismissed)[;]

9. *Terrell v. Lorie Davis*, No. 3:16-cv-179 (S. D. Tex. Galveston Division filed July 11, 2016 (dismissed July I, 2019)[;]

9a. *Terrell v. Buff et al.*, No. 9:17-cv-006 (E.D. Tex. Lufkin Division, filed January 17, 2017) (pending)[;]

9b. *Terrell v. Roth et al.*, 9-17-cv-132[] (E.D. Tex. Lufkin Division, filed July 15, 2017) (pending)[;]

10. *Terrell v. Carter et al.*, No. CV32681 (411th Judicial District, Polk County, Texas, filed April 3, 2019, dismissed September 16, 2019).

On November 20, 2019, the trial court signed an order dismissing Terrell's lawsuit and declaring him a vexatious litigant. The court found that the allegations in Terrell's petition did not set forth sufficient facts to support a claim for theft, destruction of property, or a violation of due process against any of the named Defendants and concluded that Terrell's claims had no arguable basis in law. The court also found that Terrell had previously filed five or more pro se lawsuits that have been finally determined adversely to Terrell or determined to be frivolous or groundless. The trial court ordered that Terrell is prohibited from filing new

litigation in state court without first obtaining permission from a local administrative judge. In addition, the trial court assessed costs against Terrell. Terrell subsequently filed a notice of appeal.

## Issues

In his first issue, Appellant argues that the trial court abused its discretion by declaring him a vexatious litigant. According to Appellant, the trial court erred because it never entered an order requiring Appellant to post a bond. In his second issue, Appellant argues that the trial court abused its discretion by dismissing the lawsuit without conducting a fact hearing. According to Appellant, a trial court may only dismiss a Chapter 14 lawsuit if it determines the lawsuit has no arguable basis in law, which Appellant argues was error.

## Standard of Review

We review the trial court's dismissal of an inmate's claims under Chapter 14 for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). "The test for abuse of discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Appellant bears

the burden of overcoming the presumption that the trial court's action was justified. *See Retzlaff*, 94 S.W.3d at 654. If the order of dismissal does not specify the sections of Chapter 14 upon which the trial court relied in granting the dismissal, we will affirm the order if any of the grounds presented to the trial court were meritorious. *See Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004); *Turner v. TDCJ–ID Allen B. Polunsky Unit*, No. 09-12-00517-CV, 2013 Tex. App. LEXIS 7820, at *3 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.) ("We will affirm the trial court's dismissal if it was proper under any legal theory.") (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990)).

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). Nevertheless, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

## Vexatious Litigant

We review a trial court's declaration of a vexatious litigant for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 282 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). We "cannot overrule the trial court's decision unless the trial

7

court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court's findings under section 11.054 are reviewed for legal and factual sufficiency. *See Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). "In reviewing a legal sufficiency challenge, the no-evidence challenge fails if there is more than a scintilla of evidence to support the finding." *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). "In reviewing a factual sufficiency challenge, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Id.*

On or before the ninetieth day after the defendant files the original answer, the defendant may move for an order declaring the plaintiff a vexatious litigant and requiring the plaintiff to furnish security before further pursuing the lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051. Pursuant to section 11.054, the trial court may declare a plaintiff a vexatious litigant if:

> . . . the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:
>     (A) finally determined adversely to the plaintiff;
>     (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id.* § 11.054; *see also In re Casey*, 589 S.W.3d 850, 852 (Tex. 2019); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 881-82 (Tex. App.—Houston [1st Dist.] 2006, no pet.). If the trial court determines that the plaintiff is a vexatious litigant, after hearing evidence, the trial court is required to order the plaintiff to furnish security for the benefit of the moving defendant, but the trial court has discretion in determining the date when the security must be furnished. *See Willms*, 190 S.W.3d at 805 (citing Tex. Civ. Prac. & Rem. Code Ann. § 11.055).

According to Appellant's own declaration, eight of his previous pro se filings have been decided adversely to him or determined to be frivolous or groundless:

- No. 3:13-CV-187 (dismissed by S.D. Tex.),
- No. 3:14-CV-035 (dismissed by S.D. Tex.),
- PD-0943-14 (pet. ref'd by Tex. Crim. App.),
- WR-81,510-02 (writ denied w.r.o. by Tex. Crim. App.),
- No. 9:14-CV-129 (writ denied by E.D. Tex.),
- No. 9:15-CV-123 (dismissed by E.D. Tex.),
- No. 3:16-CV-179 (dismissed by S.D. Tex.), and

9

- No. 9:16-CV-007 (dismissed by E.D. Tex.).

Appellant's declaration also listed five pro se matters as pending for more than two years at the time he filed his petition in this case:

- No. 16-41016 (pending in the 5th Cir.),
- No. 18-41015 (pending in the 5th Cir.),[2]
- No. 9:17-CV-164 (pending in the E.D. Tex.),
- No. 9:17-CV-006 (pending in the E.D. Tex.), and
- No. 9:17-CV-132 (pending in the E.D. Tex.).

Therefore, the trial court could have concluded, based on Appellant's own declaration, that in the seven-year period prior to filing his petition in this lawsuit, Appellant had brought at least five pro se lawsuits that were "finally determined adversely to the plaintiff; [] permitted to remain pending at least two years without having been brought to trial or hearing; or [] determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure[.]" Tex. Civ. Prac. & Rem. Code Ann. § 11.054. Accordingly, the trial court did not err in declaring Appellant a vexatious litigant. *See id.*; *Douglas*, 333 S.W.3d at 282-91.

Appellant argues that the trial court nonetheless erred because it never entered an order requiring Appellant to furnish security within a specific timeframe. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.055. Appellant failed to preserve this issue for

---

[2] After Appellant filed his notice of appeal in this lawsuit, the Fifth Circuit decided case No. 18-41015, dismissing Terrell's suit as frivolous. *See Terrell v. Hunter*, 788 F. App'x 997, 998 (5th Cir. 2020). In its opinion, the Fifth Circuit also determined that Terrell is a vexatious litigant under 28 U.S.C. § 1915(g). *Id.*

appeal because he failed to present the complaint to the trial court and obtain a ruling thereon. *See* Tex. R. App. P. 33.1. Therefore, we overrule Appellant's first issue.

## Dismissal of the Lawsuit

A trial court may dismiss an inmate's suit before or after service of process if it determines that the suit is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether the suit is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because it arises from the same operative facts. *Id.* § 14.003(b).

"In most cases, a trial court cannot dismiss an in forma pauperis lawsuit based on a determination that the lawsuit lacks an arguable basis in fact without having a fact hearing." *Gibson v. Trapp*, No. 09-19-00099-CV, 2019 Tex. App. LEXIS 9574, at *3 (Tex. App.—Beaumont Oct. 31, 2019, no pet.) (mem. op.) (citing *In re Wilson*, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ)); *see also Johns v. Johnson*, No. 10-03-00388-CV, 2005 Tex. App. LEXIS 1500, at *3 (Tex. App.—Waco Feb. 23, 2005, no pet.) (mem. op.) ("A fact hearing is only necessary if the claim has an arguable basis in law."). However, a trial court does not err under Chapter 14 in dismissing an inmate's claim without a hearing if the inmate's claim

11

has no arguable basis in law. *See Sawyer v. Tex. Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). "When a trial court dismisses a claim without conducting a hearing, our review focuses on whether the inmate's claim has no basis in law, which is a question of law that we review de novo." *Gibson*, 2019 Tex. App. LEXIS 9574, at **3-4 (citing *Sawyer*, 983 S.W.2d at 311).

Prisoners have a First Amendment right to be free from retaliation for complaining about a prison official's misconduct, and a violation of this right may be actionable under 42 U.S.C. § 1983. *See Institutional Div. of Tex. Dep't of Criminal Justice v. Powell*, 318 S.W.3d 889, 892 (Tex. 2010) (citing *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995)). To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Id.* (citing *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)); *see also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

To establish a constitutional violation, an inmate must show that he suffered a qualifying adverse retaliatory act. *Id.* at 892 (citing *Morris*, 449 F.3d at 684); *see also McDonald*, 132 F.3d at 231. An inmate must allege more than *de minimis* retaliation in a section 1983 claim. *See Morris*, 449 F.3d at 684-85. An inmate's personal belief that he is the victim of retaliation is insufficient. *Johnson v.*

12

*Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *see also Greer v. Reaux*, No. 13-18-00433-CV, 2020 Tex. App. LEXIS 1634, at *9 (Tex. App.—Corpus Christi-Edinburg Feb. 27, 2020, no pet.) (mem. op.); *Mukoro v. Jackson*, No. 01-17-00466-CV, 2018 Tex. App. LEXIS 2777, at *6 (Tex. App.—Houston [1st Dist.] Apr. 19, 2018, pet. denied) (mem. op.). Rather, the inmate must present direct evidence of a motivation or "allege a chronology of events from which retaliation may plausibly be inferred[]" and that, but for the retaliatory motive, the incident complained of would not have occurred. *See Mukoro*, 2018 Tex. App. LEXIS 2777, at *6 (citing *Woods*, 60 F.3d at 1166); *Hoffman v. Monroe*, No. 13-13-00643-CV, 2014 Tex. App. LEXIS 9655, at *5 (Tex. App.—Corpus Christi-Edinburg Aug. 29, 2014, no pet.) (mem. op.); *Leachman v. Dretke*, 261 S.W.3d 297, 313 (Tex. App.—Fort Worth 2008, no pet.). A litigant claiming retaliation must allege in his pleadings that his protected conduct was a substantial motivating factor in the defendant's conduct. *Hoffman*, 2014 Tex. App. LEXIS 9655, at *5 (citing *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied)); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 284-86 (1977) (explaining that, to successfully allege a claim of retaliation under section 1983, a litigant must demonstrate in his pleadings that his protected conduct was a substantial motivating factor in the defendant's conduct). Conclusory allegations without a specific factual basis are not sufficient to state a claim of retaliation. *See Hoffman*, 2014 Tex. App.

13

LEXIS 9655, at \*5; *Upton Cty., Tex. v. Brown*, 960 S.W.2d 808, 827 (Tex. App.—El Paso 1997, no pet.).

First, we conclude that some of Appellant's claims are barred by law. Generally, State employees should be dismissed from suits alleging work-related torts such as property damage. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (providing a court must grant a motion to dismiss a lawsuit against a governmental employee sued in an official capacity); *see also Garza v. Harrison*, 574 S.W.3d 389, 393-94 (Tex. 2019) ("By adopting section 101.106(f), the Legislature has effectively mandated that only a governmental unit can be sued for a governmental employee's work-related tortious conduct."). Therefore, Terrell's claims that his lock was broken, that his shorts were confiscated, and that his cell was rendered a "total mess" would have no arguable basis in state law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2). In addition, an inmate does not have a federally-protected interest in having his grievances decided in his favor, and the denial of a grievance does not implicate a civil rights violation. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). Further, Appellant failed to exhaust his administrative remedies on his complaint about a false disciplinary report by first filing a grievance and obtaining a written decision, and failure to exhaust administrative remedies bars judicial review. *See* Tex. Civ.

14

Prac. & Rem. Code Ann. § 14.005; Tex. Gov't Code Ann. § 501.008; *Leachman*, 261 S.W.3d at 308-12.

Second, we find that the remaining claims are based on nothing more than conclusory allegations of alleged harassment, interference, and retaliation. The response to Terrell's Step 1 Grievance, filed along with his petition, reflects that he was provided more than an hour of time in the law library on the afternoon of February 25, 2019, which Appellant did not dispute in the trial court nor on appeal. Appellant's petition makes only a general allegation that his federal litigation was harmed in some unspecified way, and he has failed to "allege a chronology of events from which retaliation may plausibly be inferred[]" or to allege that the adverse acts he allegedly experienced would "'chill or silence a person of ordinary firmness from future First Amendment activities.'" *See Powell*, 318 S.W.3d at 893 (quoting *Morris*, 449 F.3d at 685-86); *Mukoro*, 2018 Tex. App. LEXIS 2777, at *6; *Hoffman*, 2014 Tex. App. LEXIS 9655, at *5; *Chastain*, 923 S.W.2d at 744. The trial court could have reasonably concluded that Appellant's petition was frivolous because he failed to allege facts sufficient to state a claim for retaliation and his claims have no arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (b). We overrule Appellant's second issue.

Having overruled both of Appellant's issues, we affirm the trial court's orders.

AFFIRMED.

                                          _____
                                                 LEANNE JOHNSON
                                                        Justice

Submitted on March 2, 2021
Opinion Delivered May 13, 2021

Before Kreger, Horton and Johnson, JJ.